CLIFTON JORDAN, PROSECUTOR, v. BOROUGH OF DUMONT ET AL., RESPONDENTS.

Submitted January term, 1929—Decided May 7, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the prosecutor, *J. Emil Walscheid.*

For the respondents, *William M. Seufert.*

PER CURIAM.

This proceeding brings up for review proceedings culminating in the award of a contract to I. B. Miller, Incorporated, for the improvement of New Milford avenue, in the borough of Dumont, in Bergen county.

The proceedings and award are attacked in two directions, viz.:

1. Because the proposals and bidding sheets left open to each bidder to designate the number of working days in which he would perform the work.

This is violation of section 5, article 11 of the Home Rule act (*Pamph L.* 1917, *ch.* 152) and of the principle enunciated by *Armitage* v. *Newark,* 86 *N. J. L.* 5. For this reason alone the proceedings under review must be set aside.

2. Because the bidders were required to bid upon certain quantities and sizes of cement pipe for subdrainage and the specifications and contract contained no requirement therefor, and such items constituted a part of the basis of estimating the standing of the bidders.

This is not denied by the respondents but they attempt to urge that it is immaterial because they say it is well known that in all such improvements subdrainage is necessary, and, no doubt, it will be necessary here.

We think it is but proper to note that the successful bidder, I. B. Miller, Incorporated, bid extremely low on these items and that excluding its bid upon these items it would not have been the lowest bidder. This places the *bona fides* of these items in serious doubt and dispute and would incline us to the conclusion that the bidding was not open to equal opportunity by all bidders.

The proceedings under review will be set aside, with costs.